UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MALIK HALEEM SWINTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:23-CV-73-HAB |
| | ) |
| GREG COLEMAN, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff sued Defendant, Plaintiff's federal probation officer, generally alleging that Defendant illegally interfered with Plaintiff's federal retirement benefits. The action was brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and alleges violations of the Fourth, Fifth, and Eighth Amendments to the United States Constitution. Defendant now moves to dismiss the suit. (ECF No. 11). That motion is fully briefed (ECF Nos. 12, 13, 15) and is ready for ruling.

**I.      Factual Background**

Plaintiff was sentenced to a 37-month prison sentence in July 2019 after pleading guilty to a single count of wire fraud. The sentence also included a three-year term of supervised release and a $632,368.34 restitution order.

Following his release from the Bureau of Prisons, Plaintiff's supervision was transferred to the Northern District of Indiana, and Defendant became his probation officer. The problems began during their first meeting, when Defendant "seemed upset, disappointed, and or [sic]

agitated that [Plaintiff] was receiving [his] federal retirement and disability benefits."[1] Defendant also "insisted [Plaintiff] work even with evidence [Plaintiff] was clearly disabled and retired."

In August 2021, Plaintiff was informed that his federal retirement and social security disability benefits had been stopped. Plaintiff "knew instantly that [Defendant] has something to do with this." Plaintiff reported his suspicions regarding Defendant's involvement in the missing benefits to his doctors the next month.

In March 2022, Plaintiff showed Defendant pay stubs indicating that Plaintiff was still receiving VA benefits. Two weeks later, those benefits stopped as well. This "confirmed [Plaintiff's] suspicions" that Defendant was responsible for the missing payments. Plaintiff messaged and emailed Defendant about his suspicions, but Defendant did not respond.

Later in 2022 Defendant began requesting information from Plaintiff that Plaintiff felt was improper, like Plaintiff's mental health records, medical records, and tax returns. When Plaintiff refused, Defendant began threatening Plaintiff with possible repercussions if the records were not provided.

Plaintiff also alleges that Defendant interfered in a family court dispute between Plaintiff and the mother of Plaintiff's child. Plaintiff alleges that Defendant shared information from their probation meetings, along with Plaintiff's medical records and tax information, with the woman, and that Defendant "was working with the mother of [Plaintiff's] child in order to hurt [Plaintiff] and trying to help [Plaintiff] lose custody of [his] child."

Plaintiff alleges that he met with Defendant and Bob Brubaker, Defendant's supervisor, in late 2022 to discuss Plaintiff's concerns. After hearing Plaintiff's complaints Brubaker "refused to investigate and refused to reassigned [sic]" Plaintiff a new probation officer. Instead, Plaintiff

---

[1] All quotes and facts are taken from Plaintiff's complaint (ECF No. 1).

claims that Defendant and Brubaker offered to settle the matter out of court. That settlement never materialized, so Plaintiff sued.

## II.     Legal Discussion

### A.     *Motion to Dismiss Standard*

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Plaintiff proceeds pro se, the Court must follow the well-settled law of this Circuit that pro se complaints are not held to the stringent standards expected of pleadings drafted by lawyers. In contrast, pro se complaints are to be liberally construed. *See Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987). The Court also notes that the complaint alleges civil rights violations and that a pro se civil rights complaint may be dismissed only if there is no set of facts under which Plaintiff could obtain relief. *Shango v. Jurich*, 681 F.2d 1091, 1103 (7th Cir. 1982).

### B.     *The Court will not Extend* Bivens *Liability to this Context*

The Supreme Court has set forth a two-step test to determine whether a *Bivens* claim may proceed. *See Ziglar v. Abbasi*, 582 U.S. 120 (2017). First, a court must determine whether the

claim presents a new *Bivens* context. *Id.* at 136. Second, if the context is new, the court must determine whether there are any "special factors counseling hesitation" before extending the remedy to a new context. *Id*.

This would be a new *Bivens* context. The only three cases in which the Supreme Court has recognized a *Bivens* remedy are: (1) a Fourth Amendment claim against FBI agents for handcuffing a man in his home without a warrant, which was the case in *Bivens*; (2) a Fifth Amendment gender discrimination claim against a congressman for firing his female administrative assistant, *Davis v. Passman*, 442 U.S. 228 (1979); and (3) an Eighth Amendment claim against prison officials for failure to provide adequate medical care, *Carlson v. Green*, 446 U.S. 14 (1980). None of these cases involve probation officers, and at least one district court in this Circuit has refused to extend those cases to find a *Bivens* claim against federal probation officers. *See Barrett v. Idstein*, 17-cv-610-jdp, 2018 WL 1124210 (W.D. Wis. Feb. 26, 2018). So the Court must move on to the second step.

The Court finds that special factors counsel against extending *Bivens*. Among the factors that may cause a court to hesitate before expanding the *Bivens* remedy is "the existence of alternative remedies," which "usually precludes a court from authorizing a *Bivens* action." *Ziglar*, 582 U.S. at 148. Other special factors include any "sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong." *Id*. at 137.

As Defendant correctly notes, Plaintiff has other avenues to address his concerns other than a *Bivens* action. Many of Plaintiff's complaints appear to arise out of the conditions of supervised release that were imposed at his sentencing, including a 20-hour per week work requirement and the restitution award. (ECF No. 12-2 at 4, 6). Plaintiff could have sought to have these conditions

modified. *United States v. Johnson*, 765 F.3d 702, 711 (7th Cir. 2014) ("a district court retains the ability to modify" conditions of supervised release at any time after sentencing). Plaintiff may also have sued to enjoin the alleged violations of federal law. *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326–27 (2015). And perhaps most relevantly, Plaintiff has brought a separate federal tort claim suit against the agencies responsible for withholding his benefits. *See Swinton v. United States*, Cause No. 1:23-CV-112-HAB. Each of these alternative avenues of relief suggest that the Court should not extend *Bivens* here.

Plaintiff does not respond to Defendant's *Bivens* argument. Instead, his response is a cut-and-paste of his complaint (ECF No. 13 at 1–6), an argument that he didn't really commit the wire fraud offense he pleaded guilty to (*id*. at 7), and an attempt to impute fault onto Defendant through pre-suit settlement discussions (*id*. at 8). None of these arguments address the scope of *Bivens* and, in the case of the settlement discussions, is inadmissible. *See* Fed. R. Evid. 408(a).

**III.    Conclusion**

For these reasons, Defendant's motion to dismiss (ECF No. 11) is GRANTED. This case is DISMISSED WITH PREJUDICE.

SO ORDERED on June 28, 2023.

                     s/ *Holly A. Brady*
                     JUDGE HOLLY A. BRADY
                     UNITED STATES DISTRICT COURT